```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


                                )
ERIC J. DUARTE,                 )
     Plaintiff,                 )
                                )     Civil Action No.
     v.                         )     23-11009-NMG
                                )
DANIELLE FRANE, et al.,         )
     Defendants.                )
                                )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Eric J. Duarte, who is confined at the Norfolk County Correctional Center ("NCCC"), has filed a complaint (Docket # 1) in which he alleges that NCCC Superintendent Danielle Frane and two other individuals employed at NCCC (Chris Dawly and Jimmy Graham) have denied him of his right of access to the courts. Duarte has also filed motions for leave to proceed in forma pauperis (Docket ## 5, 6), service by the United States Marshals Service ("USMS") (Docket # 10), and appointment of counsel (Docket # 11). Duarte is proceeding pro se.

For the reasons set forth below, the Court will ALLOW the motions for leave to proceed in forma pauperis, order Duarte to file an amended complaint, and DENY without prejudice the motions for service by the USMS and appointment of counsel.

### I. Motions for Leave to Proceed in Forma Pauperis

Upon review of Duarte's motions for leave to proceed in forma pauperis and prison account statement, the Court finds that Duarte is unable to prepay the filing fee. Accordingly, the Court ALLOWS the motions.

In accordance with 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $18.61.[1]  The remainder of the $350 statutory filing fee, $331.39, shall be paid as set forth in 28 U.S.C. § 1915(b)(2).

The Clerk shall issue a Notice for Payment of Prisoner Filing Fee and provide a copy of the Notice and this order to the treasurer of the institution having custody of Duarte.

### II. Review of the Complaint

Under 28 U.S.C. § 1915A, the Court must conduct a preliminary review of a complaint filed by a prisoner against governmental units or employees.  The Court must dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C.

---

[1] A prisoner plaintiff who has been permitted to proceed in forma pauperis may prosecute his action even if he is without funds to pay the assessed initial partial filing fee.  See 28 U.S.C. § 1915(b)(1), (4).

§ 1915A(b).[2]  To state a claim upon which relief can be granted, a complaint must set forth non-conclusory factual allegations which, if true, would allow the Court to reasonably infer that a defendant is liable to the plaintiff.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Here, Duarte's complaint fails to state a claim upon which relief can be granted because it does not contain sufficient factual material from which the Court may reasonably infer that the defendants have violated Duarte's federal rights.

### A. Duarte's Claims

Duarte alleges that Superintendent Frane is "blocking access to the courts" "pursuant" to regulations of the Massachusetts Department of Correction concerning prisoner access to legal materials, legal supplies, and grievance procedures.  Compl. ¶ 1.  Duarte represents that the defendants permit him to use the NCCC law library for three hours a week. Id. ¶ 6.  He further claims that, since October 2022, he has requested additional "legal access" "for preparation and filing of papers Pro Se for a Federal civil complaint." Id. ¶ 7.

---

[2] An identical review of a complaint is conducted where a plaintiff is allowed to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).

3

Duarte asserts that "[r]estricting access to [the] law library is a per se denial to the courts." Id. ¶ 4. Duarte also alleges that the defendants have wrongfully blocked his access to a typewriter. Id. ¶ 10. He does represent that he has filed two civil complaints in the Norfolk Superior Court "awaiting to be assigned" a docket number and to be served. Id. ¶ 15.

Duarte also claims that Superintendent Frane is "blocking [his] right to redress petitioning the government for redress of deprivations and grievances . . . and access to courts [by] not allowing [him] to file grievances to exhaust administrative remedies pursuant [to the] Prison Litigation Reform Act." Id. ¶ 8.

    B.    **Right of Access to the Courts**

"The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). Notwithstanding, a prisoner's right of access to the courts "does not require states to give inmates unlimited access to a law library." Rudnick v. Raemisch, 731 Fed. App'x 753, 755 (10th Cir. 2018) (quoting Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam)). In addition, prisoners "ha[ve] no right to a typewriter to prepare their

4

legal documents where the court rules permit[] pro se litigants to hand-write their pleadings." Phillips v. Hust, 588 F.3d 652, 656 (9th Cir. 2009).

Moreover, to assert a claim for denial of access to the courts, a prisoner must allege that the failure to provide the legal resources required in Bounds resulted in actual injury. See Lewis v. Casey, 518 U.S. 343, 351 (1996) ("Because Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.").

Here, Duarte does not allege any facts from which the Court may reasonably infer that his limited access to NCCC's law library or inability to use a typewriter has interfered with his ability to litigate his claims in state or federal court. Indeed, Duarte represents that he has already commenced two state court actions.

C.  **Lack of Access to Grievance Procedure**

Duarte's claim concerning the lack of a grievance procedure fails to state a claim upon which relief can be granted because a prisoner does not have a constitutional right to a particular grievance procedure or any grievance procedure at all. See, e.g., Owens v. Evans, 878 F.3d 599, 563 (7th Cir. 2017) (holding that prison officials' "failure to follow a state's inmate

5

grievance procedures in not a federal due-process violation"); Stringer v. Bureau of Prisons, 145 Fed. App'x 751, 753 (3d Cir. 2005) (holding that prison officials' "alleged failure to process or respond to [a prisoner]'s grievances did not violate his rights to due process and is not actionable").

In addition, a lack of a prison grievance procedure does not prevent a prisoner from filing a lawsuit in federal court. The Prison Litigation Reform Act requires a prisoner to exhaust "such administrative remedies as are available" before bringing suit to challenge prison conditions.  42 U.S.C. § 1997e(a) (emphasis added).[3]

### D. Filing of an Amended Complaint

If Duarte wishes to pursue a claim that he was denied access to the courts, he must, within thirty-five (35) days of the date of this order, file an amended complaint that cures the pleading defects identified above.  As an amended complaint completely replaces an earlier-filed complaint, Duarte should include in the amended complaint all factual allegations and

---

[3] For purposes of 42 U.S.C. § 1997e(a), a prison administrative procedure is not "available" (1) when the grievance system "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when the system is "so opaque that it becomes, practically speaking, incapable of use"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  Ross v. Blake, 578 U.S. 632, 643-44 (2016).

legal claims he wishes to assert in this action.  See Newman v. Lehman Brothers Holdings, Inc., 901 F.3d 19, 27 n.8 (1st Cir. 2018).

**III. Motion for Service by the USMS**

In light of the Court's finding that Duarte's complaint fails to state a claim upon which relief can be granted, the Court is not ordering that summonses issue.  If Duarte files an amended complaint and the Court orders that summonses issue, the Court will also order that the USMS complete service.  Should that happen, Duarte will be responsible for providing the USMS all documents for service and an address at which each defendant may be served.

**IV.  Motion for Appointment of Counsel**

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. §1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel.  See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  The appointment of counsel for an indigent party is only required when exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  See id.  In considering whether the appointment of counsel is necessary, the Court considers the "total situation," including the merits of the case.  Id. at 24.

Because Duarte's complaint does not state a claim upon which relief can be granted, there are no exceptional circumstances requiring the appointment of pro bono counsel. Accordingly, the request for appointment of counsel is DENIED.

**ORDER**

In accordance with the foregoing:

1. The motions for leave to proceed in forma pauperis (Docket ## 5, 6) are ALLOWED.  The Court assesses an initial partial filing fee of $18.61.  The remainder of the $350 statutory filing fee, $331.39, shall be paid as set forth in 28 U.S.C. § 1915(b)(2).

The Clerk shall issue a Notice for Payment of Prisoner Filing Fee and provide a copy of the Notice and this order to the treasurer of the institution having custody of Duarte.

2. The motion for service by the USMS (Docket # 10) is DENIED.

3. The motion for appointment of counsel (Docket # 11) is DENIED.

4.   If Duarte wishes to pursue this action, he must, within thirty-five (35) days of the date of this order, file an amended complaint.  Failure to do so will result in dismissal of this action.

**So ordered.**

                                                /s/ Nathaniel M. Gorton
                                                Nathaniel M. Gorton
                                                United States District Judge

Dated: 08/11/2023