UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ERIC J. DUARTE, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 23-11009-NMG |
| | ) | |
| DANIELLE FRANE, et al., | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM & ORDER

GORTON, J.

Eric J. Duarte, a pretrial detainee confined at the Norfolk County Correctional Center ("NCCC"), brings this action concerning various alleged events and conditions of confinement at NCCC. Summonses have not issued. Now before the Court is his lengthy amended complaint and motion for appointment of counsel. For the reasons set forth below, the Court will DISMISS the amended complaint for failure to state a claim upon which relief can be granted and allow Duarte to file a second amended complaint.

I.   Background

A.   Original Complaint

Duarte commenced this action by filing a complaint against NCCC Superintendent Danielle France and two other individuals employed at NCCC (Chris Dawly and Jimmy Graham) in which he alleged that (1) the defendants violated his right of access to

the courts by restricting access to the law library and not

providing a typewriter; and (2) NCCC does not have viable

grievance procedure.  (Docket # 1).  After reviewing the

pleading pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A,[1] on

August 11, 2023, the Court issued an order in which it found

that Duarte had failed to state a claim upon which relief could

be granted with regard to both issues.  (Docket # 12).  The

Court ordered Duarte to file an amended complaint within

thirty-five days but later extended the filing deadline to

October 16, 2023.

B.    **Amended Complaint**

On October 17, 2032, Duarte filed his amended complaint.

(Docket # 18).  The original six-page handwritten complaint has

bloated into a 124-page typed pleading and the number of

defendants has jumped from three to forty-one (plus "unknown"

---

[1] Under 28 U.S.C. § 1915(e)(2), when a plaintiff is allowed to
proceed without prepayment of the filing fee, the Court reviews
the complaint prior to the issuance of any summons.  Similarly,
under 28 U.S.C. § 1915A, prisoner complaints that seek redress
from a governmental entity or officers or employees of a
governmental entity are subject to a preliminary screening.  For
purposes of 28 U.S.C. § 1915A, the definition of "prisoner"
includes a pretrial detainee.  See 28 U.S.C. § 1915A(c).  Both
§ 1915(e)(2) and § 1915A authorize a court to dismiss sua sponte
the complaint or any claim therein if it is frivolous,
malicious, fails to state a claim on which relief can be
granted, or seeks monetary relief against a defendant who is
immune from such relief.  See 28 U.S.C. §§ 1915(e)(2),
§ 1915A(b).

parties).  Whereas the scope of the original complaint was well-defined (access to the courts and NCCC's grievance procedure), the amended complaint covers a wide range of alleged misconduct and has 110 counts.

## II.  Discussion

### A.    Failure to Set Forth a Short and Plain Statement of the Claim

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

The statement should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Miranda v. United States, 105 Fed. App'x 280, 281 (1st Cir. 2004) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 522 (2d ed. 1990)); see also United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003) ("Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.").

The statement should be plain because the principal functions of pleadings are to (1) give defendants fair notice of the basis for the claims against them so that they may respond,

see Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101
(1st Cir. 2013), and (2) allow the Court to determine whether
the complaint contains sufficient factual allegations, which,
treated as true, allow the Court to reasonably infer that the
plaintiff is entitled to relief, see Ashcroft v. Iqbal, 556 U.S.
662, 678 (2009).

Duarte's lengthy, cluttered, and repetitive amended
complaint provides neither a short nor plain statement of his
claim.  Due to this pleading defect, it is difficult for the
court to discern whether it contains sufficient factual content,
which, if treated as true, would show that any of the defendants
are liable to Duarte.  The defendants are not required to
respond to such a pleading.

**B.    Failure to Set Forth a Plausible Claim**

It is not enough for a pleading to include "a short and
plaint statement of the claim."  Fed. R. Civ. P. 8(a)(2).  A
pleading must also "show[] that the pleader is entitled to
relief."  Id.  In other words, to state a claim upon which
relief can granted, a pleading must "contain sufficient factual
matter, accepted as true" to state a plausible claim for relief.
Iqbal, 556 U.S. at 662.  A plaintiff's obligation to provide the
grounds of his claim "requires more than labels and
conclusions."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
(2007).  "A claim has facial plausibility when the plaintiff

4

pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged." Iqbal, 556 U.S. at 678.  The plausibility
standard is not as onerous as a "'probability requirement,' but
it asks for more than a sheer possibility that a defendant has
acted unlawfully.  Id. (quoting Twombly, 550 U.S. at 556).
"Determining whether a pleading meets the plausibility
requirement is a "context-specific task that requires the
reviewing court to draw on its judicial experience and common
sense." Id. at 679.

Here, Duarte's amended complaint does not contain
sufficient factual material from which the Court may reasonably
inferred that the defendants are liable to him.  The ballooned
nature of the amended complaint may obscure some claims that, if
pruned and re-pled, might state a basis for relief.  Other
allegations clearly do not provide a basis for relief.  In
particular, Duarte's fantastical allegations throughout the
amended complaint that he was subject to "cyber bullying,"
electronic surveillance, and mind control technology, see, e.g.,
Amend. Compl. ¶¶ 78, 113, 115, 125, 135, 145, 157, 201, 315,
319, 335, 347, do not state plausible claims.  Similarly, Duarte
includes many conclusory claims that are not supported by
specific factual allegations.  See, e.g., id. 297-298
(allegations of retaliatory transfer); see also Twombly, 550

U.S. at 555 (stating that "a formulaic recitation of the elements of a cause of action" does not fulfill the plaintiff's obligation to show that he is entitled to relief).

Accordingly, the amended complaint will be dismissed. If Duarte wishes to pursue this action, he must file a second amended complaint that contains a "short and plain" statement of his claim which shows that he is entitled to relief.

## III. Improper Joinder of Parties

Further, the sprawling nature of the amended complaint runs afoul of rules limiting claims against multiple defendants. Where a plaintiff brings claims against more than one defendant in a single lawsuit, the claims must be limited to those that "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and a "question of law of fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In other words, "[w]here a plaintiff brings claims against more than one defendant in a single lawsuit, plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1655 (3d ed.). The Court cannot discern such a claim in the amended complaint.

6

If Duarte elects to file a second amended complaint, it must comply with the limitation on the joinder of defendants set forth in Rule 20.  This will require Duarte to omit some, if not many, of the defendants and the 110 counts in the present amended complaint.  Of course, Duarte is free to bring a separate lawsuit to bring any claims he must omit from this action to comply with Rule 20.

## IV.   Duarte's State Court Action

The Court takes judicial notice that, on October 17, 2023, Duarte filed an almost identical amended complaint in Duarte v. Norfolk County Sheriffs Office, 2382CV00345 (Norfolk Sup. Ct.) (Docket # 20).  In an October 27, 2023 margin order, the state court dismissed the amended pleading on essentially the same grounds articulated by this Court:  "The Amended Complaint is DISMISSED . . . [because] it is not a reasonably concise statement of Plaintiff's claim that states one or more understandable and plausible causes of action. . . . To the contrary, Plaintiff's Amended Complaint contains numerous verbose, fantastic, and oftentimes incomprehensible allegations. . . ."  The state court is giving Duarte the opportunity to "file a motion to leave to amend on or before November 15, 2023 with a copy of his proposed, further amended complaint attached," and stated that "[i]f Plaintiff fails to file such a

motion in a timely manner, th[e] action shall be dismissed with prejudice."  Id.

While this Court will continue to exercise its jurisdiction over this case pending any resolution of the parallel state action, the final disposition of the state action could have res judicata effect on this case.

## V.    Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA") imposes certain limitations on prisoner litigation which Duarte should be aware as he considers his litigation in the federal courts.  For purposes of the PLRA, the definition of a "prisoner" includes a pretrial detainee.  See 28 U.S.C. § 1915(h).

### A.    Filing Fee

Under the PLRA, indigent prisoners are not entitled to a waiver of the $350 statutory filing fee for bringing a non-habeas civil action.  See 28 U.S.C. § 1915(b).  A federal district court may allow a prisoner to proceed without prepayment of the filing fee, but the prisoner is still required to pay the $350 statutory filing fee over time, regardless of the duration or outcome of the case.  See id.

After an initial partial filing fee is collected, see 28 U.S.C. § 1915(b)(1), "the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."  28 U.S.C. § 1915(b)(2).

The treasurer of the facility in which the prisoner is confined "shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."  Id.

If a prisoner has outstanding filing fees in more than one case, the filing fees are connected simultaneously rather than consecutively.  See Bruce v. Samuels, 577 U.S. 82, 87 (2016).  Thus, if a prisoner has simultaneous filing fee obligations in five cases, once the initial partial filing fee is paid in each case, he would be required to pay one hundred percent of the preceding month's income credited to this account.

Similarly, under the PLRA, an indigent prisoner who is allowed to appeal in forma pauperis must pay the appeal fee (currently $505) over time.  See 28 U.S.C. 1915(b).

B.    "Three Strikes" Rule

Further, the Court also warns Duarte that, under the PLRA, a prisoner generally cannot proceed in forma pauperis (i.e., without prepayment of the relevant fee) when bringing a non-habeas civil action or appealing a judgment in a non-habeas case, if he has, on three or more prior occasions, brought an action or appeal that was dismissed on the ground that it was frivolous, was malicious, or failed to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915(g).  Where a prisoner accumulates "three strikes," he may proceed in forma

pauperis only if he is "under imminent danger of serious

physical injury" with regard to the misconduct alleged in the

complaint.  Id.; see also Pettus v. Morgenthau, 554 F.3d 293,

297 (2d Cir. 2009) (holding that "there must be a nexus between

the imminent danger a three-strikes prisoner alleges to obtain

IFP status and the legal claims asserted in his complaint").

## VI.  Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the Court "may request an

attorney to represent any person unable to afford counsel."  28

U.S.C. § 1915(e)(1).  However, a civil plaintiff lacks a

constitutional right to free counsel.  See DesRosiers v. Moran,

949 F.2d 15, 23 (1st Cir. 1991).  The appointment of counsel for

an indigent party is required only when exceptional

circumstances exist such that the denial of counsel will result

in fundamental unfairness impinging on the party's due process

rights.  See id.  In considering whether the appointment of

counsel is necessary, the Court considers the "total situation,"

including "the merits of the case, the complexity of the legal

issues, . . . the litigant's ability to represent himself," id.

at 24, and the efforts the litigant has made to obtain legal

representation.

In the absence of a complaint that meets basic pleading

standards, exceptional circumstances requiring the appointment

of pro bono counsel are not present.  Accordingly, the motion

for appointment of counsel (Docket # 20) is DENIED without

prejudice.

## ORDER

In accordance with the foregoing:

1.   The amended complaint (Docket # 18) is DISMISSED.

2.   If Duarte wishes to pursue this action, he must,

within thirty-five (35) days, file a second amended complaint

that cures the above-discussed pleading deficiencies.  Failure

to do so will result in dismissal of this action.

3.   The motion for appointment of counsel (Docket # 20) is

DENIED.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: November 13, 2023