```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| **ERIC J. DUARTE,** ) |  |
| Plaintiff, ) |  |
| ) | Civil Action No. |
| v. ) | 23-11009-NMG |
| ) |  |
| **DANIELLE FRANE, et al.,** ) |  |
| Defendants. ) |  |
| ) |  |

### ORDER

**GORTON, J.**

On June 26, 2024, the Court ordered pro se plaintiff Eric Duarte to show good cause why this action should not be dismissed for failure to complete service. (Docket #63). Since that time, Duarte has filed three motions for extensions of time to complete service. (Docket ##72, 76, 83). Duarte represents that on February 5, 2024, he placed into the mailing system at Bridgewater State Hospital ("BSH") a package addressed to the United States Marshals Service ("USMS") containing all papers for service and completed USM-285 forms. Duarte now asserts that the package was stolen from the mailroom at BSH.

Upon review of the motions and additional papers Duarte has filed, the Court hereby rules:

1. Having conducted further review of the Second Amended Complaint ("SAC") (Docket #27), and because the SAC does not show that Duarte is "entitled to relief" from them pursuant to

Fed. R. Civ. P. 8(a)(2), the Court hereby DISMISSES as parties to this action the following four defendants:

    a. <u>Commonwealth of Massachusetts (including the Commonwealth's Office of the Attorney General)</u>. States (including their departments and agencies and state officials acting in their official capacities) are not subject to suit under 42 U.S.C. § 1983 in state or federal courts. <u>See</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989) (holding that neither states nor state officials acting in their official capacities are "persons" subject to liability under 42 U.S.C. § 1983); <u>see also</u> <u>Davidson v. Howe</u>, 749 F.3d 21, 27 (1st Cir. 2014) (stating that "[a]s a general matter, the Eleventh Amendment bars suits in federal courts against unconsenting states (including 'official capacity' suits against state hierarchs)" (quoting <u>Rosie D. ex rel. John D. v. Swift</u>, 310 F.3d 230, 234 (1st Cir. 2002))).

    b. <u>Attorney General of the Commonwealth of Massachusetts</u>. To the extent Duarte is suing the Attorney General in her official capacity, as noted above, a state official acting in her official capacity is not subject to suit under 42 U.S.C. § 1983. In addition, except in narrow circumstances not factually relevant here, Eleventh Amendment

2

immunity extends to an official acting in her official capacity.[1] To the extent Duarte is suing the Commonwealth's Attorney General in her individual capacity, that claim fails to state a claim upon which relief can be granted because the SAC does not allege any conduct by this defendant.

       c.   <u>Dan V. Bair, II</u>.  Duarte identifies Bair as a Special Assistant Attorney General for the Commonwealth of Massachusetts.  To the extent Duarte is suing Bair in his official capacity, as noted above, a state official acting in his official capacity is not subject to suit under 42 U.S.C. § 1983.  In addition, except in narrow circumstances not factually relevant here, Eleventh Amendment immunity extends to an official acting in his official capacity.  <u>See</u> Note 1, <u>supra</u>.  To the extent Duarte is bringing a claim against Bair in his individual capacity, any such claim fails to state a claim upon which relief can be granted because the SAC does not allege any conduct by this defendant.

       d.   <u>Captain Steve Shangold/Shingold</u>.  This defendant is dismissed as a party to this action because the SAC does not allege any conduct by him.

---

[1] Under the <u>Ex Parte Young</u> exception to Eleventh Amendment immunity, "certain private parties [may] . . . seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law." <u>Whole Woman's Health</u> v. <u>Jackson</u>, 595 U.S. 30, 39 (2021); <u>see also</u> <u>Ex Parte Young</u>, 209 U.S. 123, 159-60 (1908).

3

2. The Clerk shall issue summonses for the remaining defendants in the SAC, as listed below:

> Superintendent Danielle Frane
> Norfolk County Sheriff's Office
> Norfolk County Sheriff Patrick McDermott
> Assistant Deputy Superintendent Bill Casteel
> Deputy Linsky
> Deputy James Gannon
> Deputy Thomas Brady
> Assistant Deputy Superintendent Tara Flynn
> Mental Health Director Anne Collins

3. Duarte is responsible for ensuring that a summons, the SAC, this order and the Court's January 8, 2024 order (Docket #35) is served on each of these defendants. <u>Duarte is prohibited from having a summons served on any person not included in the above list</u>.

4. Service cannot be accomplished by regular, certified, or registered mail because "delivering" refers to in-hand service rather than service by mail pursuant to Rule 4(e)(2)(A) of the Federal Rules of Civil Procedure and Rule 4(d)(1) of the Massachusetts Rules of Civil Procedure. <u>Compare</u>, <u>e.g.</u>, Fed. R. Civ. P. 4(e)(2)(A) (referring to "delivering a copy of the summons of the complaint personally to the individual") <u>with</u> Fed. R. Civ. P. 4(i)(1) (referring to "send[ing]" the summons and complaint "by registered or certified mail").

5.  Because Duarte is proceeding in forma pauperis, he may elect to have service completed by the United States Marshals Service ("USMS"). If Duarte chooses to have service completed by the USMS, he shall provide the agency with a copy of this order, all papers for service on each defendant, and a completed USM-285 form for each defendant.

In completing the USM-285 forms, Duarte must identify himself—rather than an attorney who is not representing him in this action--as the "Requestor." Failure to do so may preclude the USMS from completing service.

The USMS shall complete service as directed by Duarte with all costs of service to be advanced by the United States as long as Duarte provides all necessary papers and forms for service for that purpose.[2] The Clerk shall provide Duarte with the forms and instructions for service by the USMS.

6.  Duarte must ensure that service is completed within 45 days of the date of this order. To accomplish that, Duarte must promptly provide the USMS (or other service agent) with all necessary forms and papers for service. Failure to meet this deadline will result in dismissal of this action.

---

[2] The USMS will mail to Duarte and provide the Clerk with returns of service indicating whether service has been effected.

7.  The motions for extensions of time to complete service (Docket ##72, 76, 83) are <u>ALLOWED</u>. No further extensions will be allowed.

8.  All other pending motions (Docket ##65, 67, 79, 80) are DENIED.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: 11/22/2024