UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ERIC J. DUARTE,<br>    Plaintiff,<br><br>    v.<br><br>DANIELLE FRANE, et al.,<br>    Defendants. | Civil Action No.<br>23-11009-NMG |

MEMORANDUM & ORDER

GORTON, J.

Pro se plaintiff Eric Duarte brings this action concerning alleged events and conditions of confinement while he was a pretrial detainee confined at the Norfolk County Correctional Center ("NCCC").

Defendants, Norfolk County Sheriff's Office, Superintendent Danielle France, Sheriff Patric McDermott, Assistant Deputy superintendent Bill Casteel, Deputy Linsky, Deputy Gannon, Deputy Brady, Assistance Deputy Superintendent Tara Glynn, and Mental Health Director Ann Collines (collectively, the "Defendants"), have filed a motion to dismiss Fed. R. Civ. P. 12 for failure to state a claim upon which relief can be granted, insufficient service of process and lack of subject matter jurisdiction. (Docket # 117). For the reasons stated below, the Court will allow the motion and dismiss this action.

I.  Frivolous Claims

The Court assumes the reader's familiarity with the docket of this case, including the Second Amended Complaint ("SAC"), from which it has already dismissed Counts 1 and 11. Because Duarte is proceeding pro se, the Court liberally construes the pleading.

The United States Code provides that when a plaintiff proceeds in forma pauperis, the Court may dismiss his case "at any time" if the Court determines that the action is, inter alia, "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B); cf. Clorox Co. P.R. v. Proctor & Gamble, 228 F.3d 24, 30-31 (1st Cir. 2000) (providing that a court may dismiss frivolous claims without prior notice to a plaintiff). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A claim that is legally frivolous is one based on an indisputably meritless legal theory, such as infringement of a legal interest that clearly does not exist. Id. at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

In this case, Duarte makes factual assertions throughout the SAC that "rise to the level of the irrational or wholly

incredible." He claims that NCCC staff and others can "hear" his thoughts and that defendants are "stalking to harass" him. See SAC ¶¶ 48, 54, 62. He asserts that,

> "[defendant's] harassment was to humiliate plaintiff in front of the entire jail allowing every inmate and staff member access to hear everything plaintiff thinks and failing to investigate plaintiff['s] claims."

Id. ¶ 97. Duarte alleges that Frane purposely searched out his family to assist in the violation of his constitutional rights by "invading the dreams of plaintiff inflicting wet dreams." Id. ¶ 96. He claims that defendants violated his rights under the Fourteenth Amendment by

> "denying [him] protocols to investigate sexual prevention claims, [but] finally allow[ing] him to make a report after 18 months of severe staling [sic] to harass as numerous sex assaults on a daily basis being forced into sexual relations with staff members including the Superintendent."

Id. ¶¶ 105-106.

The Court declines to credit such frivolous allegations. In an earlier review of the SAC, the Court dismissed the independent "Stalking to Harass" count of the pleading. Delusional allegations continue throughout the SAC and undermine the viability of the other counts. To the extent that any other count relies primarily on such allegations, they must also be dismissed as frivolous.

## II. Failure to State a Claim Upon for Relief

To the extent that Durante's claims do not substantially rely on his frivolous allegations, the SAC nevertheless fails to state a claim upon which relief can be granted.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering such a determination, a court may consider certain categories of documents extrinsic to the complaint "without converting a motion to dismiss into a motion for summary judgment." Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). For instance, a court may consider documents of undisputed authenticity, official public records, documents central to a plaintiff's claim and documents that were sufficiently referred to in the complaint. Watterson, 987 F.2d at 3.

A court may not disregard properly pled factual allegations in the complaint even if actual proof of those facts is improbable. Id. at 12. Rather, the court's inquiry must focus on the reasonableness of the inference of liability that plaintiff is asking the court to draw. Id. at 13.

Here, the SAC contains legal and factual conclusions, including "laundry lists" of alleged misconduct that are unsupported by factual content necessary to permit the Court to draw a reasonable inference that any defendant is liable to Duarte. The Court recognizes that the SAC includes allegations of inadequate mental health care, e.g., SAC ¶¶ 54, 58, 74, 75, but such allegations are nonetheless, insufficient to state a claim upon which relief can be granted.

## ORDER

In accordance with the foregoing, the Defendants' motion to dismiss for failure to state a claim upon which relief can be granted (Docket # 117) is **ALLOWED** and this action is **DISMISSED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: 03/04/2026